UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA McBROOM, | ) | CASE NO.  4:09CV2417 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| BARNES & NOBLE BOOKSELLERS, | ) | |
| INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). However, a trial court is vested with the authority to limit pretrial discovery and upon a showing of good cause "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [. . .]." Fed. R. Civ. P. 26(c). The decision to grant a motion for a protective order is within the sound discretion of a trial court. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).  In making such a determination, the court is to balance the competing interests at issue and to compare the hardship on the parties if the motion is either granted or denied. *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 726 F.2d 1150, 1159 (7th Cir. 1984), *rev'd on other grounds*, 470 U.S. 373 (1985). The movant bears the burden to demonstrate that this balancing of hardships weighs in its favor. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001).

Furthermore, when deciding whether to grant a protective order, the court must remain cognizant that public access to court documents is a fundamental feature of the American

judicial system. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Id.* at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See*, *e.g.*, *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).

In *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F.Supp.2d 743, 745 (E.D. Mich. 2001), the court observed that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that "disclosure of the information will result in some sort of serious competitive or financial harm." *Id.* This Court agrees that a showing of substantial personal or financial harm is required to justify an order sealing any documents in its file.

This Court is a public forum, not a private dispute resolution service. Despite this, the parties have asked the Court for blanket authority to designate documents as "confidential" and file them under seal. (*See* Doc. No. 19.) The parties, however, do not sufficiently demonstrate that this case warrants such a broad order. The parties have failed to show that serious financial or personal harm will result from the public disclosure of the information. In particular, the parties have failed to demonstrate why personnel files should be sealed, and they have neglected to identify any possible business records that would be produced in this employment law case that would contain trade secrets, proprietary information, or other sensitive business information that would require protection. Moreover, the proposed stipulated protective order seeks, without explanation or justification, to restrain the Court from relying on sealed record documents in ruling on dispositive motions.

Of course, the parties are free to enter into a private confidentiality agreement with respect to disclosure of documents and information. Nor does this Court intend to prevent any of the parties from moving to seal an individual document in the file, provided that they make the required particularized showing. At the present time, however, the parties have not sufficiently shown the need for a broad protective order which permits them carte blanche authority to designate documents to be filed under seal.

Should the parties wish to re-file their request for a protective order, the Court encourages them to review the sample stipulated protective order attached to the Court's Local Rules at Appendix L. In any event, upon re-filing, the parties should be prepared to set forth the requisite showing of need for the requested relief.

**IT IS SO ORDERED**.

Dated: February 19, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**